In an action to foreclose a mortgage, the defendants Hilda Friesen, also known as Hilda L. Friesen, and Anton Neureiter, also known as Anton E. Neureiter, appeal from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered November 7, 2012, as granted that branch of the plaintiffs motion which was for leave to enter a default judgment against them upon their failure to timely appear or answer the complaint, and denied that branch of their cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine whether the appellants were properly served with process, and thereafter a new determination of that branch of the plaintiffs motion which was for leave to enter a default judgment against the appellants upon their failure to timely appear or answer the complaint, and that branch of the appellants’ cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
Contrary to the Supreme Court’s conclusion, the appellants, Hilda Friesen, also known as Hilda L. Friesen, and Anton Neureiter, also known as Anton E. Neureiter, did not waive the defense of lack of personal jurisdiction when, after failing to timely appear or answer the complaint, they appeared at a mandatory foreclosure settlement conference (see CPLR 3408; Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1165-1166 [2007]). There is nothing in the record to indicate that when they appeared they did so in any other capacity than as the representatives of Final Touch, Inc., the only defendant to have timely answered the complaint (see Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 620 [2008]; cf. McGowan v Bellanger, 32 AD2d 293 [1969]).
Further, the Supreme Court should have ordered a hearing on whether the appellants were properly served with process (see Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825 [2011]). The process server’s affidavits of service constituted prima facie proof of proper service on Neureiter via substituted service on Friesen (see CPLR 308 [2]) and on Friesen personally (see CPLR *815 308 [1]). However, Friesen’s statements denying that she was ever served and setting forth, inter alia, significant discrepancies between the process server’s physical description of her and her actual physical appearance were sufficient to rebut the process server’s affidavits (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2013]; Kopman v Blue Ridge Ins. Co., 296 AD2d 479, 480 [2002]; see also Washington Mut. Bank v Holt, 71 AD3d 670 [2010]). Therefore, a hearing is warranted on the issue of proper service.
The plaintiffs remaining contentions are without merit. Eng, RJ., Dickerson, Chambers and Hall, JJ., concur.