■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for WACHOVIA MORTGAGE CORPORATION, Respondent, v MICHAEL LOSCO, Appellant, et al., Defendants. [5 NYS3d 112]—

In an action to cancel and vacate a satisfaction of mortgage, the defendant Michael Losco appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Walker, J.), dated June 24, 2013, which, inter alia, granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against him upon his failure to timely appear or answer the complaint, and denied his cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"A process server's affidavit of service constitutes prima facie evidence of proper service" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]; *see NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092, 1093 [2012]; *Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984 [2010]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (*Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d at 984-985 [internal quotation marks and citation omitted]; *see Edwards, Angell, Palmer & Dodge, LLP v Gerschman*, 116 AD3d 824, 825 [2014]; *Simonds v Grobman*, 277 AD2d 369, 370 [2000]). Here, the affidavit of service of the plaintiff's process server constituted prima facie evidence of proper service on the appellant pursuant to CPLR 308 (1) (*see Wells Fargo Bank, N.A. v Final Touch Interiors, LLC*, 112 AD3d 813, 814 [2013]). The appellant's affidavit was insufficient to rebut the presumption of proper service created by the process server's affidavit (*see Carver Fed. Sav. Bank v Supplice*, 109 AD3d 572, 572-573 [2013]; *Deutsche Bank Natl. Trust Co. v Jagroop*, 104 AD3d 723, 724 [2013]). Moreover, the additional affidavit

submitted by the appellant in support of his cross motion to dismiss the complaint insofar as asserted against him was improperly submitted for the first time in reply (*see Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc.*, 111 AD3d 776, 777 [2013]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against the appellant upon his failure to timely appear or answer the complaint, and denied the appellant's cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.