■ FV-1, Inc., Respondent, v Norris Reid, Appellant, et al., Defendants. [31 NYS3d 119]—

In an action to foreclose a mortgage, the defendant Norris Reid appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Wade, J.), dated December 1, 2014, as denied his cross motion, inter alia, pursuant to CPLR 5015 (a) (4) to vacate an order of reference of the same court (Knipel, J.), dated May 18, 2009, entered upon his failure to appear or answer the complaint.

Ordered that the order dated December 1, 2014, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Norris Reid was properly served with copies of the summons and complaint pursuant to CPLR 308 (1), and, thereafter, a new determination of his cross motion.

The plaintiff commenced this action in 2008. According to the affidavit of service, at 5:50 a.m. on May 22, 2008, the summons and complaint were personally delivered to the defendant Norris Reid (hereinafter the appellant) at his home pursuant to CPLR 308 (1). The appellant neither appeared in the action nor answered the complaint and, on May 18, 2009, the Supreme Court signed an order of reference. In March 2014, the plaintiff's assignee moved for the appointment of a temporary receiver of the rents and profits from the mortgaged premises. Upon receiving a copy of the motion papers, the appellant cross-moved, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the order of reference entered upon his default. In support, he submitted an affidavit expressly denying that he was served with process. The appellant averred that he did not reside in the apartment where service allegedly was effected, and he denied that he could have been served at 5:50 a.m. because, at that time, he would have already left home to travel to work. Further, although the affidavit of service stated that the appellant had black hair and a mustache, the appellant maintained that at the time of the alleged service, he had gray hair and no mustache. The Supreme Court denied the appellant's cross motion.

Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see *Washington Mut. Bank v Murphy*, 127 AD3d 1167, 1174 [2015]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 896-897 [2013]). "A defendant's eventual awareness of pending litigation will not affect the absence of jurisdiction over him or her where service of process is not effectuated in compliance with CPLR 308" (*Washington Mut. Bank v Murphy*, 127 AD3d at 1174). Thus, "[a] defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action" (*Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d at 897).

Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service (see *Citimortgage, Inc. v Baser*, 137 AD3d 735 [2d Dept 2016]; *American Home Mtge. Servicing, Inc. v Gbede*, 127 AD3d 1004, 1005 [2015]; *Velez v*

*Forcelli,* 125 AD3d 643, 644 [2015]; *Machovec v Svoboda,* 120 AD3d 772, 773 [2014]; *U.S. Bank, N.A. v Arias,* 85 AD3d 1014, 1015 [2011]; *Scarano v Scarano,* 63 AD3d 716 [2009]). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (*Deutsche Bank Natl. Trust Co. v DaCosta,* 97 AD3d 630, 631 [2012]). Further, whether personal delivery of the summons and complaint was made pursuant to CPLR 308 (1) "turns upon issues of credibility, which should be determined only after a hearing" (*Gray v Giannikios,* 90 AD3d 836, 837 [2011]).

Here, contrary to the Supreme Court's determination, since the appellant's sworn denial of receipt of process contained specific facts to rebut the statements in the process server's affidavit, the presumption of proper service was rebutted and an evidentiary hearing was required (*see American Home Mtge. Servicing, Inc. v Gbede,* 127 AD3d 1004 [2015]; *Velez v Forcelli,* 125 AD3d 643 [2015]; *Machovec v Svoboda,* 120 AD3d at 773-774; *Wells Fargo Bank, N.A. v Final Touch Interiors, LLC,* 112 AD3d 813 [2013]; *Gray v Giannikios,* 90 AD3d at 837). Accordingly, we must remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the appellant was properly served with copies of the summons and complaint pursuant to CPLR 308 (1), and for a new determination of the appellant's cross motion thereafter. Dillon, J.P., Austin, Maltese and Barros, JJ., concur.