■ U.S. Bank, N.A., as Successor Trustee to Bank of America, N.A., as Successor to LaSalle Bank, N.A., as Trustee for the Holders of the Luminent Mortgage Trust 2005-1, Respondent, v Roslyn Tauber, Appellant, et al., Defendants. [36 NYS3d 144]—

In an action to foreclose a mortgage, the defendant Roslyn Tauber appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated May 6, 2015, which denied her motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court entered February 6, 2015, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for a hearing to determine whether the defendant Roslyn Tauber was properly served with process pursuant to CPLR 308 (2), and thereafter for a new determination of her motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her.

The defendant Roslyn Tauber (hereinafter the appellant) executed a promissory note which was secured by a mortgage on real property located in Rockland County (hereinafter the subject property). This action was commenced in February 2014 after the appellant allegedly defaulted on her payment obligations under the note and mortgage. According to the affidavit of service, the appellant was served at 11:05 a.m. on March 1, 2014, at the subject property by delivery of the summons and complaint upon a person with the first name of Rochelle, who was identified in the affidavit of service as the appellant's sister-in-law and co-occupant. The process server also indicated that on March 3, 2014, he mailed the documents to the appellant at her last known residence. The appellant neither answered nor appeared and, on February 6, 2015, the Supreme Court signed a judgment of foreclosure and sale. In late March 2015, the appellant moved pursuant to CPLR 5015

(a) (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In support of her motion, the appellant submitted an affidavit wherein she denied that she resided at the subject property or that she received any papers. She also denied having a sister-in-law named Rochelle but explained that she had a daughter by that name. The appellant stated that at the time of the purported service, she resided at an address in Brooklyn and, in support, submitted copies of past tax returns and correspondence from her medical insurance provider setting forth the Brooklyn address. The appellant also submitted the affidavit of her daughter, Rochelle Hamburger, who stated, inter alia, that she was the appellant's daughter, was living at the subject property in March 2014, was a Sabbath observer, and that when the process server came to her door on a Sabbath morning, she informed him that she would be unable to accept or sign for any papers as such conduct would violate the Sabbath. According to the daughter, the process server apologized and stated that he would return another time, but he never did so. The Supreme Court denied the appellant's motion, finding that she failed to rebut the presumption of proper service evidenced by the affidavit of service and that she failed to demonstrate a reasonable excuse for her default or a potentially meritorious defense.

"Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (*FV-1, Inc. v Reid*, 138 AD3d 922, 923 [2016]; *see Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]; *Mortgage Elec. Registration Sys., Inc. v Losco*, 125 AD3d 733 [2015]). Although bare and unsubstantiated denials are insufficient to rebut the presumption of service (*see Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]), a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing (*see FV-1, Inc. v Reid*, 138 AD3d 922 [2016]). Where the defendant denies residing at the premises where service allegedly was made, the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing (*see Edwards, Angell, Palmer & Dodge, LLP v Gerschman*, 116 AD3d 824, 825 [2014]; *Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC*, 106 AD3d 863, 864 [2013]; *Engel v Boymelgreen*, 80 AD3d 653, 655 [2011]).

Here, the Supreme Court erred in determining the motion

without first conducting a hearing, as the appellant demonstrated her entitlement to a hearing on the issue of service (*see Machovec v Svoboda*, 120 AD3d 772, 774 [2014]; *Wells Fargo Bank, N.A. v Final Touch Interiors, LLC*, 112 AD3d 813, 814-815 [2013]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d at 825). Moreover, since that branch of the appellant's motion which was to vacate the judgment of foreclosure and sale was made pursuant to CPLR 5015 (a) (4), it was not appropriate for the Supreme Court to consider whether she had demonstrated the existence of a reasonable excuse or a potentially meritorious defense pursuant to CPLR 5015 (a) (1) (*see Wells Fargo Bank, N.A. v Christie*, 83 AD3d at 825).

The plaintiff's remaining contention is without merit.

Accordingly, we reverse the order and remit the matter to the Supreme Court, Rockland County, to conduct a hearing to determine whether service of process was properly effected on the appellant, and for a new determination thereafter of the appellant's motion pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.