■ BANK OF AMERICA, NATIONAL ASSOCIATION, Respondent, v BRYANT MOODY et al., Defendants, and SHELLY MOODY, Also Known as SHELLEY MOODY and Another, Appellant. [45 NYS3d 583]—

In an action to foreclose a mortgage, the defendant Shelly

Moody, also known as Shelley Moody, also known as Shelley Percell, appeals from an order of the Supreme Court, Queens County (Greco, Jr., J.), dated May 1, 2015, which denied her motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale entered upon her failure to .appear or answer the complaint.

. Ordered that the order is affirmed, with costs.

The Supreme Court properly denied, without a hearing, the motion of the defendant.Shelly Moody, also known as Shelley Moody, also known as Shelley Percell (hereinafter the defendant), in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale entered upon her failure to appear or answer the complaint. Pursuant to CPLR 5015 (a) (4), a judgment entered upon a movant's default must be vacated once the movant demonstrates lack of jurisdiction (*see U.S. Bank N.A. v Losner*, 125 AD3d 640, 640-641 [2015]). "A process server's affidavit of service gives rise to a presumption of proper service" (*Machovec v Svoboda*, 120 AD3d 772, 773 [2014]). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (*U.S. Bank, N.A. v Tauber*, 140 AD3d 1154, 1155 [2016] [citation omitted]; *see FV-1, Inc. v Reid*, 138 AD3d 922 [2016]).

Here, the defendant failed to rebut the presumption of proper service because, in her affidavits submitted in support of her motion, she did not swear to specific facts to rebut the statements in the process server's affidavits of service (*see Wachovia Bank, N.A. v Carcano*, 106 AD3d 726, 726 [2013]; *Bank of N.Y. Mellon v Scura*, 102 AD3d 714, 715 [2013]). Contrary to the defendant's contention, the fact that the plaintiff submitted its process server's affidavits of service in opposition to the defendant's motion to vacate the judgment of foreclosure and sale did not relieve the defendant of her obligation to rebut the presumption of service in her original motion papers. Indeed, the process server's affidavits of service were filed with the Queens County Clerk on August 13, 2013, and, therefore, were available to her when she made her motion in January 2015.

The Supreme Court properly disregarded the defendant's supplemental affidavit, which was improperly submitted for the first time in reply (*see Duran v Milord*, 126 AD3d 932, 933 [2015]; *Mortgage Elec. Registration Sys., Inc. v Losco*, 125 AD3d 733, 734 [2015]; *Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc.*, 111 AD3d 776, 777 [2013]).

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly denied the defendant's motion. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.