Federal Natl. Mtge. Assn. v Alverado (2018 NY Slip Op 08918)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Federal Natl. Mtge. Assn. v Alverado

2018 NY Slip Op 08918

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-00534
(Index No. 22327/09)

[*1]Federal National Mortgage Association, respondent, 
vRudy E. Alverado, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven A. Biolsi of counsel), for appellants.
Rosicki, Rosicki & Associates P.C., Plainview, NY (Lijue T. Philip and William Jennings of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Rudy E. Alverado and Danilo Ramos appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 17, 2016. The order and judgment of foreclosure and sale, insofar as appealed from, in effect, denied the defendant Rudy E. Alverado's cross motion pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated June 25, 2015, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against him, upon his failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8), on the ground that he was not properly served.
ORDERED that the appeal by the defendant Danilo Ramos is dismissed, as he is not aggrieved by the portion of the order and judgment of foreclosure and sale appealed from; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from by the defendant Rudy E. Alverado, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the defendant Rudy E. Alverado was properly served with copies of the summons and complaint pursuant to CPLR 308(1), and, thereafter, a new determination of his cross motion; and it is further,
ORDERED that one bill of costs is awarded to the defendant Rudy E. Alverado.
In this action to foreclose a mortgage, the defendant Rudy E. Alverado failed to appear or answer the complaint. The plaintiff moved, inter alia, for summary judgment on the complaint. In support of the motion, the plaintiff submitted, among other things, the affidavits of a process server who stated that he delivered the summons and complaint to the defendant Danilo Ramos and to Alverado at a certain location on Gotham Avenue in Elmont. In an order dated June 25, 2012, the Supreme Court granted the motion.
The plaintiff moved, inter alia, for a judgment of foreclosure and sale. Alverado then [*2]cross-moved to vacate his default pursuant to CPLR 5015(a)(4), and to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8), on the ground that he was never properly served. In support, he submitted his own affidavit, in which he denied receiving service of process, and denied being present at the location listed in the process server's affidavit. He stated that, at the time of the alleged service, he was at work at another specified location. He added that, even if he had been home at that time and date, he would not have been at the Gotham Avenue location listed in the process server's affidavit, because he was living at the subject property located on Randall Avenue in Elmont.
In an order and judgment of foreclosure and sale entered November 17, 2016, the Supreme Court, in effect, denied Alverado's cross motion to vacate his default and to dismiss the complaint insofar as asserted against him.
"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [internal citations omitted]).
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (U.S. Bank, N.A., v Tauber, 140 AD3d 1154, 1155 [internal citations omitted]). A determination as to whether service was properly made pursuant to CPLR 308(1), as here, turns on issues of credibility, which should be determined by a hearing (see FV-1, Inc. v Reid, 138 AD3d 922, 924).
Here, since Alverado's sworn denial of receipt of process contained specific facts to rebut the statements in the process server's affidavit, the presumption of proper service was rebutted and an evidentiary hearing was required (see FV-1, Inc. v Reid, 138 AD3d at 924; Velez v Forcelli, 125 AD3d 643, 644; cf. Bank of Am., N.A., v Latif, 148 AD3d 967, 969; Engel v Boymelgreen, 80 AD3d 653, 655).
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court