Deutsche Bank Natl. Trust Co. v Patrick (2019 NY Slip Op 04913)





Deutsche Bank Natl. Trust Co. v Patrick


2019 NY Slip Op 04913


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-03246
 (Index No. 30795/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Horace J. Patrick, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Lance Colquitt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Horace J. Patrick appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 3, 2017. The order granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to serve a supplemental summons and amended complaint so as to add Herkimer Estates, LLC, as an additional defendant, and denied the cross motion of the defendant Horace J. Patrick pursuant to CPLR 3211(a)(3) and (8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Horace J. Patrick which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Horace J. Patrick was properly served with process, and a new determination thereafter of that branch of the cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against that defendant.
On November 10, 2008, the plaintiff lender commenced this action to foreclose a mortgage given by the defendant Horace J. Patrick on certain real property located in Brooklyn. Patrick never answered the complaint. Insofar as relevant to this appeal, Patrick conveyed the subject property to nonparty Herkimer Estates, LLC (hereinafter Herkimer), by deed dated March 9, 2015. Thereafter, in January 2016, the plaintiff moved pursuant to CPLR 3025(b) for leave to serve a supplemental summons and amended complaint so as to add Herkimer as an additional defendant. Patrick opposed the motion and cross-moved pursuant to CPLR 3211(a)(3) and (8) to dismiss the complaint insofar as asserted against him. The Supreme Court granted the plaintiff's motion and denied Patrick's cross motion. Patrick appeals.
Contrary to Patrick's contention, the Supreme Court providently exercised its discretion in granting the plaintiff leave to add Herkimer as an additional defendant (see RPAPL 1311[1]; 1426 46th St., LLC v Klein, 60 AD3d 740, 742).
Turning to Patrick's cross motion, as a threshold matter, the plaintiff correctly [*2]contends that the fact that Patrick conveyed his entire interest in the subject property to Herkimer during the pendency of this action effectively divested him of standing to challenge the plaintiff's request for a judgment of foreclosure and sale (see Bancplus Mtge. Corp. v Galloway, 203 AD2d 222, 223). Nevertheless, so long as Patrick remains a named defendant in this action, he has the right to challenge the court's jurisdiction over him pursuant to CPLR 3211(a)(8).
"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing (see U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155).
Here, Patrick's detailed affidavit, which was supported by documentary evidence, was sufficient to rebut the presumption of proper service of process. Therefore, the Supreme Court should not have denied, without a hearing, that branch of Patrick's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him (see U.S. Bank, N.A. v Tauber, 140 AD3d at 1155-1156).
Patrick's remaining contentions are without merit.
Accordingly, we modify the order appealed from and remit the matter to the Supreme Court, Kings County, for a hearing to determine whether Patrick was properly served with process, and for a new determination thereafter of that branch of Patrick's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court