Bank of N.Y. Mellon v Ortiz (2019 NY Slip Op 05378)





Bank of N.Y. Mellon v Ortiz


2019 NY Slip Op 05378


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-02303
 (Index No. 21849/09)

[*1]Bank of New York Mellon, etc., respondent,
v
Carlos Ortiz, et al., defendants, Olga Ortiz, appellant. IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.


Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Olga Ortiz appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 26, 2017. The order, insofar as appealed from, denied those branches of her motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered upon her failure to appear or answer the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, on the ground that she was not properly served.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the defendant Olga Ortiz was properly served with process, and for a new determination thereafter of those branches of her motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
The plaintiff commenced this action to foreclose a mortgage on certain real property in Hicksville. The defendant Olga Ortiz (hereinafter the defendant) allegedly was personally served with process at her residence. She neither answered the complaint nor appeared in the action. Thereafter, the Supreme Court issued an order of reference, and a judgment of foreclosure and sale.
The defendant subsequently moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the action insofar as asserted against her, on the ground that she was not properly served. In an order entered April 26, 2017, the Supreme Court denied those branches of the motion without conducting a hearing, and the defendant appeals.
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see Emigrant Mtge. Co. Inc. v Westervelt, 105 AD3d 896, 897). However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at [*2]a hearing (see Mizerek v Rosenfeld, 162 AD3d 1005, 1006-1007; Citibank, N.A. v Balsamo, 144 AD3d 964).
Here, the affidavit of the process server established, prima facie, that the defendant was properly served with process pursuant to CPLR 308(1). In opposition, however, the defendant's affidavit, in which she denied that she was ever served and set forth significant discrepancies between the process server's physical description of her and her actual physical appearance, was sufficient to rebut the process server's affidavit (see Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 815; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897). Accordingly, a hearing is warranted on the issue of proper service.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court