U.S. Bank, Custodian for Tower DPW v Kruse (2019 NY Slip Op 05714)





U.S. Bank, Custodian for Tower DPW v Kruse


2019 NY Slip Op 05714


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-08137
 (Index No. 4185/14)

[*1]U.S. Bank, Custodian for Tower DPW, respondent,
v
Pamela G. Kruse, etc., appellant, et al., defendants.


Farrell Fritz, P.C., Uniondale, NY (Irene A. Zoupaniotis of counsel), for appellant.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Josef F. Abt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the defendant Pamela G. Kruse appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered August 4, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendant Pamela G. Kruse which was pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered December 22, 2015, upon her failure to appear or answer the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the defendant Pamela G. Kruse was properly served with process pursuant to CPLR 308(2), and a new determination thereafter of that branch of her motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale.
The plaintiff commenced this action to foreclose a tax lien against, among others, the defendant Pamela G. Kruse (hereinafter the defendant). According to the process server's affidavit of service, the defendant was served pursuant to CPLR 308(2). In that affidavit, the process server asserted that on May 10, 2014, he delivered the summons and complaint, at the defendant's dwelling place or usual place of abode, to "Lenore C. Browne, Son." Lenore was described, inter alia, as a male. The defendant did not appear or answer. The Supreme Court entered a judgment of
foreclosure and sale. Subsequently, the subject property was conveyed by referee's deed to a nonparty, and the nonparty commenced a holdover proceeding against the defendant.
The defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale. In support of her motion, the defendant submitted her affidavit, in which she averred that she never received a copy of the summons and complaint and first learned of the tax foreclosure deed when she received papers relating to the holdover proceeding. She further averred that she had no son by the name "Lenore C. Browne," that all her children were killed in a plane crash in September 2000, and that her mother, Lenore C. Browne, died in April 2006. The defendant also submitted a copy of a death certificate indicating that Lenore C. Browne died in April 2006.
The plaintiff opposed the defendant's motion. The plaintiff submitted, among other things, a new affidavit of the process server wherein he asserted that he had delivered the summons and complaint to an individual who identified herself to be "Lenore C. Brown," mother of the [*2]defendant. The process server stated that when he recorded certain service details, he indicated the incorrect gender on a "field sheet;" and that "F" should have been written instead of "M," since the person who accepted service was a female. Additionally, his affidavit of service should have indicated "Mother," not "Son." The plaintiff's submissions also included a "field sheet," allegedly completed by the process server, which contained handwriting to the effect that service was made by delivery to "Lenore C. Browne," "Mother," with "M" listed for sex.
By order entered August 4, 2017, the Supreme Court denied the defendant's motion. The court held that the defendant's conclusory denial of service failed to rebut the presumption of proper service established by the affidavit of service. The defendant appeals.
CPLR 5015(a)(4) provides, in part, that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . lack of jurisdiction to render the judgment or order." "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155 [citation omitted]).
We disagree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale without first conducting a hearing to determine the validity of service of process. The defendant demonstrated her entitlement to a hearing on the issue of service through her submissions tending to show, inter alia, that she had no son by the name "Lenore C. Browne," that all her children had died prior to the alleged date of service, and that her mother, Lenore C. Browne, had died prior to the alleged date of service — particularly given the inconsistency in the process server's affidavits regarding the gender of the person served (see HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 663). Accordingly, a hearing is needed to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and thereafter the court must make a new determination of that branch of the defendant's motion which was to vacate the judgment of foreclosure and sale.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court