Wells Fargo Bank, NA v Spaulding (2019 NY Slip Op 08245)





Wells Fargo Bank, NA v Spaulding


2019 NY Slip Op 08245


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-06170 
2017-06172
 (Index No. 2544/10)

[*1]Wells Fargo Bank, NA, respondent,
v
Leanore D. Spaulding, defendant, Letitia Spaulding, appellant.


Ronald D. Weiss, P.C., Melville, NY, for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Letitia Spaulding appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 18, 2016, and (2) an order of the same court entered November 10, 2016. The order entered February 18, 2016, denied the defendants' motion, inter alia, pursuant to CPLR 5015 to vacate a judgment of foreclosure and sale of the same court entered December 10, 2013, upon the defendants' default in answering or appearing, to set aside the foreclosure sale of the subject property, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction or, alternatively, for an extension of time to serve an answer. The order entered November 10, 2016, insofar as appealed from, denied that branch of the defendants' motion which was for leave to reargue their prior motion.
ORDERED that the appeal from the order entered November 10, 2016, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered February 18, 2016, is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the appellant, and for a new determination thereafter of the defendants' motion; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In 2010, the plaintiff commenced this action to foreclose the subject mortgage. After the defendants purportedly were served with process and their time to appear in the action or to answer the complaint had expired, the plaintiff moved for leave to enter a default judgment and an order of reference. In an order entered October 26, 2012, the Supreme Court granted the plaintiff's motion, which was unopposed. A judgment of foreclosure and sale was entered on December 10, 2013, and the property was sold thereafter.
The defendants subsequently moved, inter alia, to vacate the judgment of foreclosure and sale entered upon their default, to set aside the foreclosure sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction or, alternatively, for an [*2]extension of time to serve an answer. In an order entered February 18, 2016, the Supreme Court denied the motion. The defendants later moved, inter alia, for leave to reargue their prior motion. In an order entered November 10, 2016, the court denied that motion. These appeals from the orders entered February 18, 2016, and November 10, 2016, ensued.
CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," upon the ground of, inter alia, "lack of jurisdiction to render the judgment or order." A court may not rule on the excusable nature of a defendant's default under CPLR 5015(a)(1) without first determining the jurisdictional question under CPLR 5015(a)(4) (see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269; Bedessee Imports, Inc. v Najjar, 170 AD3d 640; Roberts v Anka, 45 AD3d 752, 753). A default must be vacated once the movant demonstrates a lack of personal jurisdiction, and the movant is relieved of any obligation to demonstrate a reasonable excuse for the default and a potentially meritorious defense (see Rabinowitz v Rabinowitz, 137 AD3d 884, 885; Velez v Forcelli, 125 AD3d 643, 644; Matter of Anna M. [Adam W.M.-Benjamin L.M.], 93 AD3d 671, 673).
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174), and "[a] defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
"Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (FV-1, Inc. v Reid, 138 AD3d at 923; see Travato v Galaxy Sanitation Servs. of N.Y., Inc., 171 AD3d 830, 831), but "when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Bank of N.Y. Mellon v Ortiz, 174 AD3d 489, 490; see Mizerek v Rosenfeld, 162 AD3d 1005, 1006-1007; Citibank, N.A. v Balsamo, 144 AD3d 964).
Here, the process server's affidavits of service constituted prima facie evidence of valid service pursuant to CPLR 308 (see Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722). However, the appellant's affidavit in support of the defendants' motion, in which she denied that she was served and set forth significant discrepancies between the process server's physical description of her and her actual physical appearance, was sufficient to rebut the process server's affidavit (see Bank of N.Y. Mellon v Ortiz, 174 AD3d 489; Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 815; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897). Accordingly, a hearing is warranted on the issue of the validity of service upon the appellant (see Bank of N.Y. Mellon v Ortiz, 174 AD3d 489), and we remit the matter to the Supreme Court, Nassau County, for that purpose and for a new determination of the defendants' motion thereafter.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court