Bonilla v Southside United Hous. Dev. Fund Corp. (2020 NY Slip Op 01472)





Bonilla v Southside United Hous. Dev. Fund Corp.


2020 NY Slip Op 01472


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2019-03071
 (Index No. 516810/16)

[*1]Rahizas Y. Bonilla, respondent, 
v
Southside United Housing Development Fund Corporation, et al., appellants.


Molod Spitz & DeSantis, P.C., New York, NY (Alice Spitz and Marcy Sonneborn of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Simon B. Landsberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 24, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained on the morning of June 21, 2016, when she slipped and fell on liquid on one of the steps of a staircase in the defendants' building in Brooklyn. The defendants subsequently moved for summary judgment dismissing the complaint. The Supreme Court denied their motion, and the defendants appeal.
We agree with the Supreme Court's denial of the defendants' motion for summary judgment dismissing the complaint, since they failed to meet their initial burden as the movants. A defendant owner who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Williams v New York City Hous. Auth., 119 AD3d 857; Crapanzano v Balkon Realty Co., 68 AD3d 1042, 1042-1043).
Here, the defendants failed to establish, prima facie, when they last cleaned or inspected the subject stairwell relative to the time of the plaintiff's accident and, therefore, they failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 661; Mei Xiao Guo v Quong Big Realty Corp., 81 AD3d 610, 611; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). Contrary to the defendants' contention, the supplemental affidavit of their porter was improperly submitted in reply (see Harrison v Toyloy, 174 AD3d 579; Bank of Am., N.A. v Moody, 147 AD3d 712, 713; Master v Boiakhtchion, 122 AD3d 589, 590-591). "[A] party cannot sustain its prima facie burden by relying on evidence submitted for the first time in its reply papers" (Matthews v Bright Star Messenger Ctr., LLC, 173 AD3d 732, 734; see Yuen Lum v Wallace, 70 AD3d 1013, 1014). [*2]The defendants' contention that the liquid on the step was trivial and thus not actionable is raised for the first time on appeal and is not properly before this Court (see Salierno v City of Mount Vernon, 107 AD3d 971, 972).
In light of our determination, the parties' remaining contentions need not be reached.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court