| |
|---|
| **Demeter Inv. Holdings v J. Streicher Holdings, LLC** |
| 2025 NY Slip Op 32316(U) |
| June 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650032/2025 |
| Judge: Anar R. Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

DEMETER INVESTMENT HOLDINGS

Plaintiff,

- v -

J. STREICHER HOLDINGS, LLC,

Defendant.

-----------------------------------------------------------------------X

**INDEX NO.**    650032/2025

**MOTION DATE**    05/27/2025

**MOTION SEQ. NO.**    003

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 14–16, 30–32, 38–41, 49, 51–65 were read on this motion to/for JUDGMENT – DEFAULT.

Upon the foregoing documents, the motion by Plaintiff Demeter Investment Holdings ("Plaintiff," "Lender," or "Demeter") seeking default judgment pursuant to CPLR § 3215 against Defendant J. Streicher Holdings LLC ("Defendant," "Borrower," or "Streicher") is hereby GRANTED.

### Relevant Factual and Procedural History

This case arises from three promissory notes executed on March 9, 2023 (the "March 9 Note"), March 20, 2023 (the "March 20 Note"), and June 7, 2023 (the "June 7 Note") (collectively, "Notes"), in which Plaintiff agreed to lend various sums to Defendant.  NYSCEF Doc. Nos. 5–7. The Court incorporates by reference its April 2, 2025 Decision and Order on Plaintiff's Motion for Summary Judgment in Lieu of Complaint (Mot. Seq. 002) for the relevant factual and procedural history of this action, including as to the outstanding principal and interest amounts due on the Notes.  NYSCEF Doc. No. 51 ("4/2/25 Order").  The Court denied the Motion for Summary Judgment in Lieu of Complaint without prejudice because: (1) Plaintiff did not sufficiently establish proper service of process on Defendant; (2) Plaintiff did not establish a *prima facie* case for summary judgment pursuant to CPLR § 3213; and (3) Plaintiff failed to establish that the June 7 Note was signed by Defendant.  *Id.*  The Court further ordered that Plaintiff's moving papers in Mot. Seq. No. 002 be deemed the operative "Complaint" in the action.  *Id.* at 4.

Plaintiff moves in the instant motion for default judgment and that a judgment be entered in its favor in the amount of $15,925,680.12, including $1,651,274.75 in outstanding interest and $14,274,405.37 in outstanding principal, plus any interest that has continued to accrue on unpaid principal owed by Defendant since the filing of this motion at the contractually agreed upon rate of 10%, and attorneys' fees and costs.  Plaintiff submits the affirmations of Jacob H. Hupart *Esq.*

650032/2025  DEMETER INVESTMENT HOLDINGS vs. J. STREICHER HOLDINGS, LLC
Motion No.  003

Page 1 of 5

[* 1]

("Hupart") and Will G. McKitterick, *Esq.* ("McKitterick") of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. ("Mintz Levin"). NYSCEF Doc Nos. 58–59. The Hupart Affirmation states that on April 9, 2025, Plaintiff mailed copies of the 4/2/25 Order and the Complaint, along with notice of entry to Defendant at: (1) Defendant's last known New York business address and (2) Defendant's registered agent's address in Delaware.[1] *Id.* at ¶ 5. Plaintiff's documents were delivered to on April 11, 2025, and April 14, 2025, respectively. *Id.*

On April 10, 2025, Plaintiff's process server attempted to deliver copies of the 4/2/25 Order and Complaint with notice of entry to Defendant at the two addresses discussed *supra*. *Id.* at ¶ 6. At Defendant's last known New York business address, Plaintiff's process server was informed that the offices "were a shared working space, and that [Defendant] had not maintained space in the building for a while." *Id.* at ¶ 7; NYSCEF Doc. No. 57 at 10. That same day, a second process server successfully delivered copies of the 4/2/25 Order and Complaint with notice of entry on Defendant's registered agent in Delaware. Hupart Aff. at ¶ 7; NYSCEF Doc. No. 53 at 22.

On May 2, 2025, Plaintiff notified the Court that Defendant had neither responded to Plaintiff's attempts at service nor filed an appearance in this action. *Id.* at ¶ 9; NYSCEF Doc. No. 57 at 10; NYSCEF Doc. No. 54. The Court granted Plaintiff leave to file the present motion on or before June 1, 2025. NYSCEF Doc. No. 55. Plaintiff filed the instant motion on May 27, 2025. NYSCEF Doc. No. 56. Defendant has failed to appear, respond, or otherwise take any action in the present case since being served with the aforementioned documents on April 10, 2025. *Id.* at ¶ 10. The time for Defendant to answer the Complaint elapsed on May 12, 2025

## Legal Analysis

Default judgment is appropriate where, as here, "a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." CPLR § 3215(a).

> The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. An appearance shall be made within twenty days after service of the summons, except that if the summons was served on the defendant by delivering it to an official of the state authorized to receive service in his behalf or if it was served pursuant to section 303, subdivision two, three, four or five of section 308, or sections 313, 314 or 315, the appearance shall be made within thirty days after service is complete.

CPLR § 320(a). To date, Defendant has not filed: (1) answer(s) to the Complaint; (2) notice(s) of appearance; (3) motion(s) to extend Defendant's time to answer; or (4) opposition to any motions filed in this matter.

---

[1] Defendant's last known business address, and the address specified in the Notes for notices sent to Defendant, is 31 Hudson Yards, 11th Floor, New York, NY 10001. Hupart Aff. at ¶ 5; NYSCEF Doc. No. 5 at 5. Defendant's registered agent, Republic Registered Agent LLC, is located at 254 Chapman Road, STE 209, Newark, DE 19702. NYSCEF Doc. No. 53 at 2–3.

[* 2]

CPLR § 3215(f) requires that the movant seeking default judgment file: (1) proof of service of the summons and complaint or, alternatively, notice pursuant to CPLR § 305(b); (2) proof of the claim(s) along with any amount due; and (3) proof of default. *See, e.g.*, *Thomas v. Karen's Body Beautiful, LLC*, 152 N.Y.S.3d 565 (1st Dept. 2021).

Here, Plaintiff has submitted sufficient proof of service upon Defendant *via* Defendant's registered agent. *See* Hupart Aff. ¶¶ 4, 5. CPLR § 313 states that parties may be served outside of the state "in the same manner as service is made within the state… ." Personal service upon a corporation is made by delivering the summons "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." CPLR § 311(a)(1). Business Corporation Law (BCL) § 306(a) states, "[s]ervice of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant." "Ordinarily, the affidavit of a process server constitutes a *prima facie* showing of proper service." *FV-1, Inc. v. Reid*, 31 N.Y.S.3d 119, 120 (2d Dept. 2016).

On January 21, 2025, Plaintiff's process server personally served the (1) Amended Summons, (2) notice of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, (3) memorandum of law in support Plaintiff's second Motion for Summary Judgment in Lieu of Complaint, (4) Affirmation of Jacob Hupart with exhibits, (5) Affirmation of Nicholas Jonathan James Levitt with exhibits, (6) Request for Judicial Intervention, (7) Commercial Division Addendum, and (8) Notice of Commencement of Action on Defendant's registered agent in Delaware.[2] NYSCEF Doc. No. 49. Additionally, on April 10, 2025, as per the 4/2/25 Order, Plaintiff mailed copies of the 4/2/25 Order, the documents supporting Plaintiff's Motion for Summary Judgment in Lieu of Complaint (NYSCEF Doc. No. 28–49), and the notice of entry of the 4/2/25 Order upon Defendant's agent in Delaware *via* FedEx Overnight Mail. NYSCEF Doc. No. 53 at 10–12, 17–18. Plaintiff affirms that the mailing was delivered to Plaintiff's registered agent on April 11, 2025. *Id.* at 2. Personal delivery on the registered agent in Delaware, coupled with Plaintiff's mailings, is sufficient to confer jurisdiction on Defendant. Accordingly, Plaintiff's service of Defendant's agent in Delaware is adequate pursuant to BCL § 306(a).

Defendant has failed to timely appear in this matter. Because Plaintiff was served pursuant to CPLR § 313, Defendant must file an answer or otherwise respond to the Summons and Complaint within thirty days of service. CPLR § 3012(c). Plaintiff's service of the Complaint was completed no later than April 11, 2025, and therefore, Defendant had until May 12, 2025 to appear in this action. NYSCEF Doc. No. 53 at 10–12, 17–18. Plaintiff subsequently filed the present motion seeking default judgment on May 27, 2025. NYSCEF Doc. No. 56. Accordingly, Defendant is in default.

---

[2] The Court takes judicial notice of Delaware's Department of State search database which lists both Republic Registered Agent LLC and Legalinc Corporate Services Inc. as Defendant's registered agents. *See Brandes Meat Corp. v. Cromer,* 537 N.Y.S.2d 177 (2d Dept. 1989) ("Also, this court may, in general, take judicial notice of matters of public records."). For the purposes of the present motion, all service of process was completed through Republic Registered Agent LLC. NYSCEF Doc. No. 53.

650032/2025  DEMETER INVESTMENT HOLDINGS vs. J. STREICHER HOLDINGS, LLC  Page 3 of 5
Motion No.  003

3 of 5

[* 3]

Finally, Plaintiff's submits the Affirmation of Nicholas Leavitt, CEO and Founder of Entrepreneur's Investment Holdings Limited, which wholly owns Demeter. NYSCEF Doc. No. 64. The Leavitt Affirmation adequately sets forth Plaintiff's claims and the amount sought by Plaintiff. CPLR § 3215(f) requires that the movant proffer "proof of the facts constituting the claim, the default and the amount due… by affidavit made by the party." The Leavitt Affirmation substantiates that: (1) the parties entered into the three Notes and identifies the principal sums thereunder; (2) Plaintiff performed its obligations under the Notes by transferring to Defendant the agreed-upon loans; (3) Defendant failed to perform its obligations under the Notes by failing to timely remit payments (scheduled interest payments and principal amounts), thereby constituting events of default; and (4) Plaintiff is entitled to recover principal, interest, and reasonable attorneys' fees pursuant to the express terms of the Notes. NYSCEF Doc. No. 64. To address the Court's prior determination that there were factual issues as to the execution of the June 7 Note, Plaintiff submits the McKitterick Affirmation which attached a true and correct copy of a bank statement indicating that Demeter wired Defendant $5,500,000.00 on June 8, 2023. NYSCEF Doc. No. 63 (Wire Confirmation).

The Leavitt Affirmation further establishes that, on January 31, 2024, in accordance with the terms of the Notes, Demeter sent Defendant a notification letter "that Lender would not elect to rollover the loans issues pursuant to the March 9 and March 20 Notes," and demanded the unpaid principal and interests amounts on those notes in the January 31 Letter and two separate, subsequent letters. *Id*. at ¶¶ 39–41. On May 12, 2024, Demeter sent Defendant a letter demanding immediate repayment of all principal amounts owed and all interest and other amounts accrued pursuant to the June 7 Note. *Id*. at ¶ 44.

The Leavitt Affirmation clearly identifies the amounts due under each of the Notes, breaking out principal and interest. *Id*. at ¶ 46. Despite Demeter's demands, Defendant has not remitted the amounts due to date. *Id*. at ¶ 47. Accordingly, Plaintiff has filed sufficient proof of the facts constituting the claim, defaults, and amount due.

Plaintiff also seeks attorneys' fees and costs associated with this action. Pursuant to the Notes at Sections 8(a), Demeter is entitled to reimbursement for all attorneys' fees and costs associated with "any action to enforce payment of this Agreement or any part of it."

As such, it is hereby

**ORDERED** that Plaintiff Demeter Investment Holdings' Motion for Default Judgment is GRANTED against Defendant J. Streicher Holdings LLC; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of Plaintiff against Defendant in the amount of $15,925,680.12, plus any interest that has continued to accrue on unpaid principal owed by Defendant since the filing of this Motion at the contractually agreed upon rate of 10%, as calculated by the Clerk of the Court, and upon Plaintiff's e-filing of a Proposed Judgment directed to the County Clerk; and it is further

**ORDERED** Plaintiff is granted judgment against Defendant for attorneys' fees and costs; and it is further

650032/2025 DEMETER INVESTMENT HOLDINGS vs. J. STREICHER HOLDINGS, LLC     Page 4 of 5
Motion No. 003

4 of 5

[* 4]

**ORDERED** that within fourteen (14) days of the entry of this Decision and Order, Plaintiff's counsel shall file an affirmation(s) to the Court on notice to Defendant, not exceeding five (5) pages, setting forth its claimed costs and attorneys' fees, explaining why such fees are reasonable, and attaching documentary proof thereof and a proposed order, and Defendant may file a five (5) page letter in opposition within seven (7) days of Plaintiff filing its submission; and it is further

**ORDERED** that if Plaintiff fails to timely file their submission, Plaintiff shall be deemed to have waived its claims for attorneys' fees; and it is further

**ORDERED** that within seven (7) days of entry of this Order, Plaintiff shall serve a copy of this Order with notice of entry on Defendant by overnight mail.

The foregoing constitutes the decision and order of this Court.

| 6/29/2025 | | | |
|---|---|---|---|
| **DATE** | | **ANAR R. PATEL, A.J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]