Chase Home Fin., LLC v Taveras (2020 NY Slip Op 03762)





Chase Home Fin., LLC v Taveras


2020 NY Slip Op 03762


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-02070
 (Index No. 17669/09)

[*1]Chase Home Finance, LLC, plaintiff, 
v
Nioman Taveras, respondent, et al., defendants; U.S. Bank National Association, nonparty-appellant.


Parker Ibrahim & Berg LLP, New York, NY (Rachel G. Packer of counsel), for nonparty-appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank National Association appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 9, 2019. The order denied the motion of nonparty U.S. Bank National Association, inter alia, pursuant to CPLR 5015(a) to vacate an order of the same court dated June 18, 2013, which, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
ORDERED that the order dated January 9, 2019, is affirmed, with costs.
In July 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Nioman Taveras (hereinafter the defendant). The defendant failed to appear or answer the complaint. Although the action was released from the mandatory foreclosure settlement conference part in October 2010, the plaintiff did not subsequently move for an order of reference. At a status conference held on June 18, 2013, the plaintiff requested an extension of time to move for an order of reference. The Supreme Court denied the application and, sua sponte, issued an order directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c), without prejudice.
In 2017, the plaintiff's successor in interest, U.S. Bank National Association (hereinafter U.S. Bank), commenced a mortgage foreclosure action against, among others, the defendant. After joining issue in the 2017 action, the defendant moved, inter alia, for summary judgment dismissing the complaint in that action insofar as asserted against him as time-barred. As far as can be gleaned from the record on appeal, the 2017 action, as well as the defendant's motion for summary judgment therein, remain pending.
In November 2018, U.S. Bank, purporting to act on behalf of the plaintiff, moved in this action, inter alia, pursuant to CPLR 5015(a) to vacate the order dated June 18, 2013, and, upon reinstatement of this action, for leave to voluntarily discontinue the 2017 action and for leave to enter a default judgment against the defendant. The defendant opposed the motion. In an order dated January 9, 2019, the Supreme Court denied U.S. Bank's motion. U.S. Bank appeals.
Under the circumstances presented, we agree with the Supreme Court's determination, in the order dated June 18, 2013, to direct dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (compare U.S. Bank, N.A. v Laulicht, 176 AD3d 892, U.S. Bank, N.A. v White, 174 AD3d 764, and U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, with Bank of Am., N.A. v Lucido, 163 AD3d 614, Aurora Loan Servs., LLC v Gross, 139 AD3d 772, and HSBC Bank USA, N.A. v Alexander, 124 AD3d 838). Moreover, in its subsequent motion to vacate the order dated June 18, 2013, U.S. Bank failed to establish "sufficient cause . . . why the complaint should not be dismissed" (CPLR 3215[c]), a showing which this Court has interpreted as requiring, inter alia, "a reasonable excuse for the delay in timely moving for a default judgment" (U.S. Bank, N.A. v Laulicht, 176 AD3d at 893 [internal quotation marks omitted]). As to U.S. Bank's alternative contention that the June 18, 2013, order should be vacated "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]), U.S. Bank failed to establish its entitlement to such relief.
U.S. Bank's remaining contention is without merit.
Accordingly, we affirm the order appealed from.
CHAMBERS, J.P., MALTESE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court