HSBC Bank USA, N.A. v Whaley (2021 NY Slip Op 05027)





HSBC Bank USA, N.A. v Whaley


2021 NY Slip Op 05027


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-03852
2019-03854
 (Index No. 15272/13)

[*1]HSBC Bank USA, N.A., etc., plaintiff, 
v
Adrienne Whaley, et al., defendants; Team Management USA, Inc., nonparty-appellant; Elizon Master Participation Trust I, U.S. Bank Trust National Association, etc., nonparty-respondent. (Appeal No. 1.)
Elizon Master Participation Trust I, U.S. Bank Trust National Association, etc., respondent,
v
Adrienne Whaley, et al., defendants, Team Management USA, Inc., appellant. (Appeal No. 2.)


Avi Rosenfeld, Lawrence, NY, for nonparty-appellant in Appeal No. 1 and appellant in Appeal No. 2.
Kosterich & Skeete, LLC, Tuckahoe, NY (Denise Singh Skeete of counsel), for nonparty-respondent in Appeal No. 1 and respondent in Appeal No. 2.



DECISION & ORDER
In an action to foreclose a mortgage, Team Management USA, Inc., appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019, and (2) an order of the same court, also dated January 2, 2019. The first order, insofar as appealed from, granted those branches of the renewed motion of Elizon Master Participation Trust I, U.S. Bank Trust National Association, which were for leave to enter a default judgment and for an order of reference and, in effect, denied that branch of the cross motion of Team Management USA, Inc., which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The second order, insofar as appealed from, granted the same relief to Elizon Master Participation Trust I, U.S. Bank Trust National Association, and appointed a referee to compute the amount due on the mortgage loan.
ORDERED that the orders are reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, those branches of the renewed motion of Elizon Master Participation Trust I, U.S. Bank Trust National Association, which were for leave to enter a default judgment and for an order of reference are denied, and that branch of the cross motion of Team Management USA, Inc., which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned is granted.
In August 2013, HSBC Bank USA, N.A. (hereinafter the plaintiff), commenced this [*2]action to foreclose a mortgage given by Adrienne Whaley and Sean Allman after they failed to make payments due on July 1, 2007, or any due thereafter. While service of process pursuant to CPLR 308(2) was effectuated upon Whaley, the plaintiff experienced difficulty serving Allman. Following several unsuccessful attempts by the plaintiff to serve Allman, an order dated January 31, 2014, was issued pursuant to which a guardian ad litem (hereinafter initial guardian) was appointed to appear on his behalf. By notice of appearance dated February 24, 2014, the initial guardian appeared on behalf of Allman. Subsequently, the supplemental summons and notice appeared in publications on April 2, 9, 16, and 23, 2014. The matter was released from the foreclosure settlement conference part on April 30, 2014. When the initial guardian was no longer able to serve as guardian ad litem due to her employment with the court system which commenced on January 8, 2015, the plaintiff waited until August 31, 2015, to move for the appointment of a successor guardian, who was appointed by order dated May 19, 2016.
Thereafter, despite the successor guardian having served his notice of appearance in August 2016, the plaintiff did not move, inter alia, for leave to enter a default judgment and for an order of reference until December 2016. In an order dated August 14, 2017, the Supreme Court denied the motion due to the plaintiff's failure to provide a reasonable excuse for its failure to move within one year of the default but granted the plaintiff leave to renew upon providing a reasonable excuse for its delay. After an additional four-month period passed, in January 2018, Elizon Master Participation Trust I, U.S. Bank Trust National Association (hereinafter Elizon), as the plaintiff's assignee, renewed the plaintiff's motion for leave to enter a default judgment and for an order of reference. Team Management USA, Inc. (hereinafter Management), to which Allman had conveyed his interest in the subject mortgaged property by deed recorded on October 2, 2013, opposed the motion and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. In an order dated January 2, 2019, the court found that Elizon provided a reasonable excuse for the plaintiff's delay and, inter alia, granted those branches of Elizon's motion and, in effect, denied that branch of Management's cross motion. In a second order, also dated January 2, 2019, the court, among other things, granted the same relief to Elizon and appointed a referee to compute the amount due on the mortgage loan. Management appeals.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "The policy behind CPLR 3215(c) is to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims" (Giglio v NTIMP, Inc., 86 AD3d 301, 307).
To avoid dismissal of a complaint pursuant to CPLR 3215(c) as abandoned, a plaintiff must demonstrate both that there is a reasonable excuse for the delay and that the action is meritorious (see HSBC Bank USA, N.A. v Guevara, 170 AD3d 684, 685). "Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised" (Butindaro v Grinberg, 57 AD3d 932, 932; see HSBC Bank USA, N.A. v Guevara, 170 AD3d at 685).
Here, contrary to the Supreme Court's determination, the excuse for the plaintiff's failure to take proceedings for the entry of a judgment within one year after the action was released from the foreclosure settlement conference part was not reasonable (see HSBC Bank USA, N.A. v Guevara, 170 AD3d at 685; see e.g. Chase Home Fin., LLC v Taveras, 185 AD3d 647, 648; U.S. Bank N.A. v White, 174 AD3d 764, 765). Throughout the course of this litigation, there were unexplained gaps of time where months of inactivity passed. Neither the need to move for the appointment of a successor guardian nor the plaintiff's change of attorney which change occurred after the statutory one-year period had expired constitutes a reasonable excuse for the plaintiff's failure to timely prosecute this action (see HSBC Bank, USA, N.A. v Uddin, 174 AD3d 689, 691; HSBC Bank USA, N.A. v Guevara, 170 AD3d at 685). Consequently, the court improvidently exercised its discretion in denying that branch of Management's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint.
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court