LaSalle Bank N.A. v Carlton (2022 NY Slip Op 02785)

LaSalle Bank N.A. v Carlton

2022 NY Slip Op 02785

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2018-07740
 (Index No. 1062/08)

[*1]LaSalle Bank National Association, etc., respondent,
v
Sharon Carlton, appellant, et al., defendants.

The Rosenfeld Law Office, Lawrence, NY (Avinoam Y. Rosenfeld of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sharon Carlton appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered April 4, 2018. The order and judgment of foreclosure and sale, upon an order of the same court (Chereé A. Buggs, J.) entered July 13, 2017, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Sharon Carlton and for an order of reference, granted the plaintiff's motion to confirm a report of the referee and for a judgment of foreclosure and sale, confirmed the report of the referee, and directed the sale of the real property at issue.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Sharon Carlton and for an order of reference are denied, the plaintiff's motion to confirm the report of the referee and for a judgment of foreclosure and sale is denied, the complaint is dismissed as abandoned pursuant to CPLR 3215(c), and the order entered July 13, 2017, is modified accordingly.
In January 2008, the plaintiff commenced this action against, among others, the defendant Sharon Carlton (hereinafter the defendant) to foreclose a mortgage securing real property owned by the defendant in Queens (hereinafter the premises). The plaintiff alleged that the defendant had defaulted under the terms of a note and mortgage agreement that she had entered into in connection with her purchase of the premises. The complaint also alleged that, after a series of assignments, the mortgage was assigned to the plaintiff. The defendant failed to answer the complaint. In December 2010, the Supreme Court released the parties/action from the foreclosure settlement part.
In February 2016, eight years after commencing the action, and more than five years after the action/parties were released from the foreclosure settlement part, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant pursuant to CPLR 3215(c) and for an order of reference. In support of its motion, the plaintiff submitted an affidavit of lost note. In an order entered July 13, 2017, the Supreme Court, inter alia, granted those branches of the [*2]plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
In November 2017, the plaintiff moved to confirm the report of the referee and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered April 4, 2018, the Supreme Court granted the plaintiff's motion, confirmed the report of the referee, and directed the sale of the premises. The defendant appeals.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). To avoid dismissal of a complaint pursuant to CPLR 3215(c) as abandoned, a plaintiff must demonstrate both that there is a reasonable excuse for the delay and that it has a potentially meritorious action (see US Bank N.A. v Davis, 196 AD3d 530, 533; Wilmington Trust, NA v Gawlowski, 189 AD3d 1521, 1522). "'Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised'" (HSBC Bank USA, N.A. v Whaley, 197 AD3d 1245, 1247, quoting Butindaro v Grinberg, 57 AD3d 932, 932).
Here, contrary to the Supreme Court's determination, the plaintiff failed to proffer a reasonable excuse for its failure to take proceedings for the entry of a judgment within one year after the action was released from the foreclosure settlement part (see HSBC Bank USA, N.A. v Whaley, 197 AD3d at 1247; HSBC Bank USA, N.A. v Guevara, 170 AD3d 684, 685).
Further, a plaintiff moving for leave to enter default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's failure to answer or appear (see Capital One, N.A. v Gokhberg, 189 AD3d 978, 980). Pursuant to UCC 3-804, "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his [or her] own name and recover from any party liable thereon upon due proof of his [or her] ownership, the facts which prevent his [or her] production of the instrument and its terms." Here, the plaintiff failed to set forth the facts that prevented the production of the original note (see Capital One, N.A. v Gokhberg, 189 AD3d at 979-980; U.S. Bank N.A. v Cope, 175 AD3d 527, 529). The lost note affidavit submitted by the plaintiff in support of its motion, inter alia, for leave to enter a default judgment did not identify who conducted the search for the lost note or explain when or how the note was lost (see Capital One, N.A. v Gokhberg, 189 AD3d at 980; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045).
Accordingly, under the circumstances of this case, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and dismissed the complaint as abandoned pursuant to CPLR 3215(c) (see US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096).
The defendant's remaining contentions need not be addressed in light of our determination.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court