American Home Mtge. Acceptance, Inc. v Lubonty (2020 NY Slip Op 06479)





American Home Mtge. Acceptance, Inc. v Lubonty


2020 NY Slip Op 06479


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-08434
 (Index No. 15940/07)

[*1]American Home Mortgage Acceptance, Inc., etc., respondent, 
v
Gregg Lubonty, appellant, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Peter K. Kamran of counsel), for appellant.
Hinshaw & Culbertson, LLC, New York, NY (Benjamin Noren, Han Sheng Beh, and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gregg Lubonty appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 16, 2014. The order, insofar as appealed from, denied those branches of the motion of the defendant Gregg Lubonty which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 29, 2007, the plaintiff commenced this action to foreclose a mortgage given by the defendant Gregg Lubonty (hereinafter the defendant). According to the process server's affidavit, the defendant was served pursuant to CPLR 308(2) on June 8, 2007. The defendant did not appear in the action or answer the complaint. On June 26, 2007, the defendant filed for chapter 11 bankruptcy, thereby imposing an automatic stay of the foreclosure action pursuant to 11 USC § 362(a). In violation of the automatic stay, the plaintiff moved, ex parte, for an order of reference (see RPAPL 1321[1]) in this action on July 27, 2007. In an order dated January 17, 2008, the Bankruptcy Court granted the plaintiff relief from the automatic stay. In an order entered January 31, 2008, the Supreme Court granted the plaintiff's motion for an order of reference in this action. On August 4, 2009, a judgment of foreclosure and sale was entered .
Thereafter, the defendant moved to vacate both the order of reference and the judgment of foreclosure and sale, and to dismiss the complaint insofar as against him pursuant to CPLR 3215(c) and 3211(a)(8). In an order dated May 16, 2014, the Supreme Court granted, on consent of the plaintiff, those branches of the defendant's motion which were to vacate the order of reference and the judgment of foreclosure and sale. The plaintiff conceded that the order of reference, as well as the judgment of foreclosure and sale, should be vacated. The court, however, denied those branches of the defendant's motion which were to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215(c) and 3211(a)(8). The defendant appeals from the denial of those branches of his motion.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). "[I]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c). Rather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference" within one year of the default (Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 812 [citations and internal quotation marks omitted]; see Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712).
Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause, which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious [cause of] action" (Aurora Loans Servs., LLC v Hiyo, 130 AD3d 763, 764; see CPLR 3215[c]; HSBC Bank USA, N.A. v Jean, 165 AD3d at 634 [internal quotation marks omitted]). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, 138 AD3d 793, 793-794; see Giglio v NTIMP, Inc., 86 AD3d at 308).
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. We agree with the court's determination that, under the circumstances, the plaintiff demonstrated sufficient cause why the complaint should not be dismissed by demonstrating a reasonable excuse and potentially meritorious cause of action (see Golden Eagle Capital Corp. v Paramount Mgt Corp., 143 AD3d 670; Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, 138 AD3d at 793).
We also agree with the Supreme Court's determination denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155 [citation omitted]). "Where the defendant denies residing at the premises where service allegedly was made, the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing" (id. at 1155; see Edwards, Angell, Palmer & Dodge, LLP v Gerschman, 116 AD3d 824, 825; Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864).
Here, the process server's affidavit indicated that the defendant was served at his residence by delivery of the process papers to a person of suitable age and discretion in accordance with CPLR 308(2). Although the defendant submitted an affidavit in which he averred that he resided at a Florida address at the relevant time, he failed to submit documentary evidence to support that claim (see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157; Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 821; cf. U.S. Bank, N.A. v Tauber, 140 AD3d at 1155). Nor did the defendant submit an affidavit from the resident of the mortgaged property where service was made denying receipt of the process papers or stating that the defendant did not live there (see Bank of N.Y. Mellon v Lawson, 176 AD3d at 1157; Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d at 821). Accordingly, the defendant failed to rebut the presumption raised by the process [*2]server's affidavit.
LEVENTHAL, J.P., MILLER, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court