Wilmington Trust, NA v Gawlowski (2020 NY Slip Op 07948)





Wilmington Trust, NA v Gawlowski


2020 NY Slip Op 07948


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2019-10945
2019-10991
 (Index No. 26224/11)

[*1]Wilmington Trust, NA, etc., respondent,
v
Edward W. Gawlowski, etc., et al., appellants.


Miller, Rosado & Algios, LLP, Garden City, NY (Neil A. Miller and Christopher Rosado of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Zachary Gold and Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated July 19, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and an for order of reference, and denied that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The second order, insofar as appealed from, in effect, granted the same relief to the plaintiff, denied the subject branch of the defendant's cross motion, and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference are denied and that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned is granted.
In August 2011, the plaintiff's predecessor in interest commenced the instant mortgage foreclosure action. The defendants never interposed an answer. In May 2019, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendants cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
As an initial matter, the defendants did not waive the right to seek dismissal of the complaint pursuant to CPLR 3215(c) (see HSBS Bank USA, N.A. v Slone, 174 AD3d 866; Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910). Moreover, contrary to the Supreme Court's determination, the position the defendants have taken in this action is not inconsistent with their representations in a prior bankruptcy proceeding, and therefore, they are not judicially estopped from seeking dismissal pursuant to CPLR 3215(c) (see generally Re/Max of N.Y., Inc. v Weber, 177 AD3d 910).
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Federal Natl. Mtge. Assn v Greenfeld, 183 AD3d 658, 659; HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). "'Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause,' which requires the plaintiff to 'demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jean, 165 AD3d at 634, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the plaintiff failed to establish a reasonable excuse for the lengthy delay in moving for leave to enter a default judgment (see U.S. Bank N.A. v Penate, 176 AD3d 758, 760; Giglio v NTIMP, Inc., 86 AD3d at 308). Since the plaintiff failed to proffer a reasonable excuse for its delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
In light of our determination, the defendants' remaining contention need not be reached.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference and granted that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
RIVERA, J.P., AUSTIN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court