US Bank N..A.. v Davis (2021 NY Slip Op 04251)





US Bank N..A.. v Davis


2021 NY Slip Op 04251


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-12978
 (Index No. 17823/10)

[*1]US Bank National Association, etc., respondent,
v
Ray Osborn Davis, et al., appellants, et al., defendants.


Berg & David PLLC, Brooklyn, NY (Abraham David of counsel), for appellants.
Goodwin Procter, LLP, New York, NY (Allison J. Schoenthal and Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Ray Osborn Davis and 964-966 Myrtle, LLC, appeal from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 28, 2017. The judgment of foreclosure and sale, upon (1) an order of the same court (Peter P. Sweeney, J.), dated December 17, 2015, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Ray Osborn Davis, to strike his answer, and for an order of reference, (2) an order of the same court (Peter P. Sweeney), also dated December 17, 2015, among other things, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, and (3) an order of the same court (Lawrence Knipel, J.), dated June 14, 2017, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denying the cross motion of the defendants Ray Osborn Davis and 964-966 Myrtle, LLC, to dismiss the complaint insofar as asserted against them, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and that branch of the cross motion of the defendants Ray Osborn Davis and 964-966 Myrtle, LLC, which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant 964-966 Myrtle, LLC, as abandoned is granted, and the order dated June 14, 2017, is modified accordingly.
On March 29, 2006, the defendant Ray Osborn Davis executed and delivered to First United Mortgage Banking Corp. (hereinafter First United) a note promising to repay a loan in the amount of $624,000, and a mortgage securing the loan against real property located at 964 Myrtle Avenue in Brooklyn. By deed dated June 7, 2006, Davis transferred his interest in the property to the defendant 964-966 Myrtle, LLC (hereinafter Myrtle LLC), a company he registered with the New York State Department of State in May 2006. On or about July 1, 2006, the plaintiff entered into a pooling and servicing agreement (hereinafter PSA), pursuant to which the plaintiff became trustee of a trust which holds the defendant's mortgage.
On July 19, 2010, the plaintiff commenced this action against, among others, Davis and Myrtle LLC (hereinafter together the defendants), alleging, inter alia, that Davis had defaulted [*2]on his mortgage by failing to make the payment due October 1, 2009, and all payments due thereafter. Davis joined issue by interposing, first, a form answer, pro se, and thereafter, an answer and counterclaim by his attorney, which the plaintiff agreed to accept pursuant to a stipulation. Myrtle LLC failed to answer the complaint or otherwise appear in the action.
In August 2013, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Davis, to strike his answer, and for an order of reference. Davis opposed the motion.
In an order dated December 17, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Davis, to strike his answer, and for an order of reference. In a second order, also dated December 17, 2015, the court granted the same relief to the plaintiff and appointed a referee to calculate the amount due to the plaintiff.
In September 2016, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, inter alia, to dismiss the complaint. Among other things, the defendants sought dismissal of the complaint insofar as asserted against Myrtle LLC pursuant to CPLR 3215(c) based upon the plaintiff's failure to move for leave to enter a default judgment against it within one year of its default in answering.
In an order dated June 14, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion, finding, inter alia, that the excuse proffered by the plaintiff for its failure to timely move for leave to enter a default judgment against Myrtle LLC was reasonable. In a judgment of foreclosure and sale dated June 28, 2017, the court, inter alia, directed the sale of the subject property. The defendants appeal.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Citimortgage, Inc. v Laupot, 190 AD3d 680). Here, by submitting copies of excerpts from the PSA, and its attached mortgage loan schedule, which included the subject mortgage loan, the plaintiff established, prima facie, that, as of July 1, 2006, the plaintiff, as trustee under the PSA, was an assignee of the mortgage loan and "the lawful owner of the note" (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). As such, it had standing to commence this action on July 19, 2010 (see id.; Wilmington Trust Co. v Walker, 149 AD3d 409, 410).
In opposition, the defendants failed to raise a triable issue of fact. Their assertions that a subsequent assignment of mortgage was invalid, and that the PSA did not prove the physical delivery of the note, are irrelevant in light of the proof of assignment by the terms of the PSA.
Contrary to the defendants' contention, as the record reflects that the mortgage loan was not a "home loan" subject to the notice requirements of RPAPL 1304, the plaintiff was not required to comply with the statutory notice provisions of RPAPL 1304 (see RPAPL 1304[5]; Federal Natl. Mtge. Assn. v Onuoha, 172 AD3d 1170, 1172; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056-1057; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825).
CPLR 3215(a) provides that "[w]hen a defendant has failed to appear, plead or proceed to trial . . . the plaintiff may seek a default judgment against him [or her]." However, pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments [*3]are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Wilmington Trust, NA v Gawlowski, 189 AD3d 1521, 1522; American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause, which requires the plaintiff to demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Wilmington Trust, NA v Gawlowski, 189 AD3d at 1522 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 634). The determination of what constitutes a reasonable excuse for a delay in seeking a default judgment is a matter addressed to the sound discretion of the Supreme Court (see Select Portfolio Servicing, Inc. v Marshall, 173 AD3d 1097, 1098; Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 876).
Here, the plaintiff served its complaint on Myrtle LLC via the Secretary of State on July 22, 2010, after which Myrtle LLC failed to answer or otherwise appear in the action. Thus, Myrtle LLC was in default as of August 21, 2010. Yet, it was not until August 13, 2013, that the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Davis, and for leave to enter a default judgment against "all non-appearing and non-answering defendants." In its opposition to the defendants' cross motion, among other things, to dismiss the complaint, the plaintiff argued before the Supreme Court that it had a reasonable excuse for not moving for leave to enter a default judgment within a year of Myrtle LLC's default. On appeal, the plaintiff apparently has abandoned that argument and, instead, contends, for the first time on appeal, that the cross motion was properly denied because the plaintiff had moved for summary judgment in 2013, thus manifesting its intent not to abandon this case. The "protracted settlement conferences from January 2011 through August 2011" cited by the plaintiff did not constitute a reasonable excuse for its protracted delay, since the case was released from that part on August 17, 2011, almost two years before August 13, 2013, when the plaintiff moved, inter alia, for leave to enter a default judgment (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). As to the period from October 30, 2012, until March 21, 2013, during which time "the area in which the mortgaged property [was] situated was declared a Federal disaster area pursuant to FEMA Declaration Order DR-4085" due to Hurricane Sandy, and the plaintiff directed its attorney "to suspend foreclosure activities until the mortgaged property could be assessed to prevent undue burdens on the borrower," by October 30, 2012, more than a year had already elapsed since the case was released from the foreclosure settlement conference part on August 17, 2011. "[A]n excuse which matures after the expiration of the statutory limit for entering a default judgment with the Clerk is legally insufficient to justify a plaintiff's failure to enter the default judgment" (JBBNY, LLC v Begum, 156 AD3d 769, 772 [internal quotation marks omitted]; see Countrywide Home Loans, Inc. v Vittorio, 178 AD3d 1017, 1019). The plaintiff's "vague and unsubstantiated assertions that it withheld prosecution until such time as it could assess whether the mortgaged premises had been damaged by Hurricane Sandy" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 672) were also insufficient to establish a reasonable excuse for its failure to initiate proceedings for more than two years after Myrtle LLC's default (see id.; US Bank, N.A. v Onuoha, 162 AD3d 1094).
The plaintiff's new argument, raised for the first time on appeal, is that, by moving for summary judgment and leave to enter a default judgment in August 2013, the plaintiff had "manifest[ed] its intent not to abandon this case." However, while "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 812-813 [internal quotation marks omitted]; see US Bank N.A. v Dorestant, 131 AD3d 467, 469), and a plaintiff is not even required to specifically seek a default judgment within a year, but may take "the preliminary step toward obtaining a default judgment of foreclosure and sale by moving . . . for an order of reference pursuant to RPAPL 1321" (US Bank N.A. v Kail, 189 AD3d 1652, 1654 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Daskal, 142 AD3d at 1072-1073) that preliminary step still must be taken "within one year of [a defendant's] default" (Wells Fargo Bank, N.A. v Daskal, 142 AD3d at 1073; see Cumanet, LLC v Murad, 188 AD3d 1149, 1151; US Bank N.A. v Dorestant, 131 AD3d at 469). Here, since the plaintiff moved for summary judgment and an order of reference almost two years after the default, when the statutory time within which to enter a default had long since expired, it was too late for the plaintiff to "manifest an intent not to abandon [*4]the case" (Wells Fargo Bank, N.A. v Mayen, 155 AD3d at 813) so as to avoid dismissal of the complaint insofar as asserted against Myrtle LLC pursuant to CPLR 3215(c).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court