PB-36 Doe v Niagara Falls City Sch. Dist. (2023 NY Slip Op 00598)

PB-36 Doe v Niagara Falls City Sch. Dist.

2023 NY Slip Op 00598

Decided on February 3, 2023

Appellate Division, Fourth Department

Bannister, J

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1015 CA 21-01223

[*1]PB-36 DOE, PLAINTIFF-RESPONDENT,
v
NIAGARA FALLS CITY SCHOOL DISTRICT, LASALLE JUNIOR HIGH SCHOOL, DEFENDANTS-APPELLANTS, AND ROBERT LEWIS, DEFENDANT. NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL, INTERVENOR-RESPONDENT. 

SHAUB, AHMUTY, CITRIN & SPRATT, LLP, LAKE SUCCESS (JONATHAN P. SHAUB OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
PHILLIPS & PAOLICELLI, LLP, NEW YORK CITY (YITZCHAK M. FOGEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALEXANDRIA TWINEM OF COUNSEL), FOR INTERVENOR-RESPONDENT.
SHOOK HARDY & BACON L.L.P., NEW YORK CITY (SCOTT A. CHESIN OF COUNSEL), FOR AMERICAN TORT REFORM ASSOCIATION AND AMERICAN PROPERTY CASUALTY INSURANCE ASSOCIATION, AMICI CURIAE.

Bannister, J
 Appeal from an order of the Supreme Court, Niagara County (Deborah A. Chimes, J.), entered August 23, 2021. The order, among other things, denied that part of the motion of defendants Niagara Falls City School District and LaSalle Junior High School seeking to dismiss, in its entirety, the complaint against defendant Niagara Falls City School District. 
It is hereby ORDERED that said appeal insofar as taken by defendant LaSalle Junior High School is unanimously dismissed and the order is affirmed without costs.
Opinion by Bannister, J:
The question presented on this appeal is whether the Child Victims Act's "reviv[al]" for statute of limitations purposes of certain civil claims by survivors of child sexual abuse (CPLR 214-g) violates the Due Process Clause of the New York State Constitution. We conclude that it does not.
Plaintiff commenced this action pursuant to the Child Victims Act (CVA) (see id.) alleging that plaintiff was sexually abused over a period of several years in the early 1980s while attending school at LaSalle Junior High School (LaSalle) in the Niagara Falls City School District (District) (collectively, defendants) by defendant Robert Lewis, a former teacher. Defendants moved, inter alia, to dismiss the complaint against them as time-barred on the ground that the CVA is unconstitutional under the Due Process Clause of the New York State Constitution and thus that the CVA did not serve to revive plaintiff's claims. As relevant here, Supreme Court denied the motion insofar as it sought to dismiss the complaint against the District in its entirety on that ground, and defendants appeal.
As an initial matter, we note that the appeal insofar as taken by LaSalle must be dismissed inasmuch as Supreme Court, on plaintiff's consent, granted the motion insofar as it sought to [*2]dismiss the complaint against LaSalle, and thus LaSalle is not "[a]n aggrieved party" (CPLR 5511; see Haidt v Kurnath, 86 AD3d 935, 935 [4th Dept 2011]).
With respect to the merits, it is well settled that "a claim-revival statute will satisfy the Due Process Clause of the [New York] State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400 [2017]). Addressing the second prong of that standard first—i.e., whether the statute "remed[ied] an injustice"—the Court of Appeals recognized that, "[i]n the context of a claim-revival statute, there is no principled way for a court to test whether a particular injustice is 'serious' or whether a particular class of plaintiffs is blameless; such moral determinations are left to the elected branches of government" (id.). Here, as evidenced by the legislative history of the CVA, the legislature considered the need for "justice for past and future survivors of child sexual abuse" and the need to "shift the significant and lasting costs of child sexual abuse to the responsible parties" (Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 8). Specifically, the legislative history noted the significant barriers those survivors faced in coming forward with their claims, including that child sexual abuse survivors may not be able to disclose their abuse until later in life after the relevant statute of limitations has run because of the mental, physical and emotional injuries sustained as a result of the abuse (see id. at 7; NY St Coalition Against Domestic Violence Mem in Support, Bill Jacket, L 2019, ch 11 at 15). As explained in the Senate Introducer's Memorandum in Support, "New York currently requires most survivors to file civil actions . . . against their abusers by the age of 23 at most, long before most survivors report or come to terms with their abuse, which has been estimated to be as high as 52 years old on average" (Bill Jacket, L 2019, ch 11 at 7). Because the statutes of limitations left "thousands of survivors" of child sexual abuse unable to sue their abusers, the legislature determined that there was an identifiable injustice that needed to be remedied (id.; see World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d at 399-400).
Contrary to the District's contention, the fact that not all survivors of child sexual abuse encountered those same barriers and that some survivors were able to file timely claims does not negate the existence of an injustice (see Hymowitz v Eli Lilly & Co., 73 NY2d 488, 514-515 [1989], cert denied 493 US 944 [1989]; PC-41 Doe v Poly Prep Country Day Sch., 590 F Supp 3d 551, 561 [ED NY 2021]). Indeed, the Court of Appeals has never set forth a requirement that all plaintiffs covered by a claim-revival statute must have been unable to timely commence an action in order for that statute to comport with the New York Due Process Clause (see PC-41 Doe, 590 F Supp 3d at 561). The Court of Appeals has instead concluded, in its review of a different claim-revival statute, that the legislature "properly determined that it would be more fair for all plaintiffs to uniformly now have [additional time] to bring their actions, rather than for the courts to begin drawing arbitrary lines" excluding certain plaintiffs based on their ability to sue under the relevant statutes of limitations (Hymowitz, 73 NY2d at 515). Given the above, we conclude that the second prong of the standard has been met under these circumstances.
With respect to the first prong of the standard, we conclude that the revival of certain civil claims brought by child sexual assault survivors for a period of one year (see CPLR former 214-g), which was extended an additional year due to the COVID-19 pandemic (see CPLR 214-g), was a reasonable response to remedy the injustice to those survivors caused by application of the relevant statutes of limitations (see generally World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d at 399-400). Significantly, other states have opened claim-revival windows in cases involving survivors of child sexual assault for periods of two years or longer from their inception, for an indefinite time, or on an age-based approach (see Giuffre v Andrew, 579 F Supp 3d 429, 454-455 [SD NY 2022]).
Accordingly, we conclude that the CVA comports with the requirements of the New York Due Process Clause, and we therefore affirm.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court