| **Doe v Garfinkel** |
|:---:|
| 2024 NY Slip Op 32987(U) |
| August 23, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520442/2021 |
| Judge: Joy F. Campanelli |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CVAP4M
-------------------------------------------------------------------X
JANE DOE,

                                        Plaintiff,

         -against-

YOCHEVED GARFINKEL, YESHIVA R'TZAHD, THE
SHMA CAMPS, LLC d/b/a CAMP STERNBERG,
ABRAHAM GARFINKEL, and DOES #1 through 4,
Whose identities are unknown to Plaintiff,

                                        Defendants.
-------------------------------------------------------------------X

Index No.: 520442/2021

**DECISION AND ORDER**

Hon. Joy F. Campanelli, J.S.C.

| The following e-filed papers read herein: | NYSCEF Nos.: | | |
|---|---|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and | Seq. #5 | Seq. #6 | Seq. #9 |
| Affidavits (Affirmations) Annexed | 46-49 | 61-63 | 104-110 |
| Opposing Affidavits (Affirmations) | 54-56 | 65 | 113-115 |
| Affidavits/ Affirmations in Reply | 57 | | 116-117 |
| Other Papers:  Affidavits/Affirmations in Support | | | |

In this CVA matter, Plaintiff alleges that she was abused as a minor by Defendant YOCHEVED GARFINKEL (hereinafter "GARFINKEL"), who was employed as a teacher at Defendant YESHIVA R'TZAHD (hereinafter "YESHIVA") and was employed or otherwise hired as a camp counselor by Defendant THE SHMA CAMPS, LLC d/b/a CAMP STERNBERG (hereinafter "SHMA").  Defendant YESHIVA, the Plaintiff and Defendant SHMA have filed motions seq. 005, 006 and 009, *respectively*, which the Court addresses below.

Defendant YESHIVA moves by Notice of Motion seq. 005 pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The complaint alleges causes of action for negligence and negligent hiring, training and supervision against YESHIVA. Plaintiff moves by Notice of Motion seq. 006 "pursuant to CPLR 3016(a) and CPLR 3211 (a)(7) for failure

1

[* 1]

to state a cause of action, and to dismiss the affirmative defenses raised by [GARFINKEL] in her answer filed on October 26, 2021, pursuant to CPLR 3211(b)."

As to Defendant YESHIVA's arguments on the constitutionality of the Child Victims Abuse Act, it has been established that the Child Victims Act has been held to be a reasonable response to remedy an injustice and does not run afoul of due process. *See Farrrell v United States Olympic Committee & Paralympic Committee* 567 F. Supp 3d 378 (ND NY 2021), *PC-41 Doe v. Poly Prep Country Day School,* 590 F. Supp3d 551 (ED NY 2021), *PB-36 Doe v. Niagara Falls School District,* 213 A.D.3d 82 [4th Dept 2023]**.**

With respect to the relief sought by both parties pursuant to CPLR 3211(a)(7), it has long been held that in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), a Court's role is deciding "whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), a court must accept the facts as alleged in the complaint as true, accord [Plaintiff] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Eskridge v Diocese of Brooklyn*, 210 AD3d 1056, 1057 [2d Dept 2022]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Boyle v North Salem Central School District*, 208 AD3d 744 [2d Dept 2022]). "Whether a Plaintiff can ultimately establish [his or her] allegations is not part of the calculus in determining a motion to dismiss" (*id.*; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11 [2005]). It is the movant who has the burden to demonstrate that, based upon the four corners of the complaint liberally construed in favor of the Plaintiff, the pleading states no legally cognizable cause of action (*see Leon,* 84 NY2d at 87-88; *Guggenheimer*, 43 NY2d at 275). "Although the

2

[* 2]

facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Krasnow v Catania*, 219 AD3d 1324, 1324 [2d Dept 2023]).

As to YESHIVA's motion seq. 005, schools have a duty to supervise students in their care (loco parentis) and as employers have a duty to hire, train and supervise their employees. To state a claim for negligent hiring, training, supervision and/or retention under New York law a Plaintiff must plead in addition to the elements for a claim of negligence: (1) the existence of an employee-employer relationship; (2) that the employer knew or should have known of the employees propensity for the conduct which caused the injury; and a nexus or connection between Defendants' negligence in [hiring, retaining, supervising or training] the offending employee and the Plaintiff's injuries. *Martinez v. State*, 2023 NY Slip Op. 01990 [2d Dept 2023].

The Court finds that the allegations in the complaint fail to adequately allege a claim for negligent hiring, training supervision and/or retention. There is no allegation that the Defendant knew or should have known of the abusive behavior. In addition with respect to the cause of action alleging negligent hiring and retention,*701 "[t]he employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention of the employee" (*Johansmeyer v New York City Dept. of Educ.*, 165 AD3d 634, 635-636 [2018] [internal quotation marks omitted]). As such, a necessary element of a cause of action to recover damages for negligent hiring and retention is a nexus or connection between the Defendant's negligence in hiring and retaining the offending employee and the Plaintiff's injuries (*see Miller v Miller*, 189 AD3d 2089, 2091 [2020]; *Gonzalez v City of New York*, 133 AD3d 65, 70 [2015]).

3

The Plaintiff failed to allege any such nexus, since a review of the complaint reveals that the sexual assault occurred far from the Defendant YESHIVA's premises. *Roe v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church* 198 AD 3rd 698 [2d Dept 2021]. Therefore, the portion of Defendant YESHIVA's motion seq. 005 to dismiss Plaintiff's fifth and seventh cause of action is GRANTED, and the complaint is dismissed as against Defendant YESHIVA.

As to Plaintiff's motion seq. 006 to dismiss GARFINKEL's counterclaim pursuant to CPLR 3211(a)(7) and CPLR 3016, the Court finds that the counterclaims asserting a claim for abuse of process and defamation are sufficiently pled to give the Plaintiff adequate notice of the claim. Therefore, the branch of Plaintiff's motion seq. 006 seeking to dismiss GARFINKELs counterclaims pursuant to CPLR 3211(a)(7) and CPLR 3016 is DENIED.

Plaintiff also moves to strike Defendant's first, second, third, fourth, seventh, eighth, ninth, tenth, eleventh and fourteenth affirmative defenses. The Court finds that Defendant's first, second, and fourth affirmative defenses, which are predicated on the constitutionality of the Child Victims Abuse Act are stricken based on the Court's analysis above.

In addition, Defendant does not appear to oppose Plaintiff's request to strike the seventh affirmative defense for lack of proximate cause and tenth affirmative defense for a frivolous complaint pursuant to 22 NYCRR 130-1.1. Although not opposed, the seventh affirmative defense is not stricken, as plaintiff bears the burden of proving the proximate cause of her injuries even if said defense is not raised in the answer. The tenth affirmative is stricken without opposition.

Furthermore, the third, eighth, ninth, eleventh and fourteenth affirmative defenses that the that the passage of time is prejudicial to Defendant, the complaint is barred by the doctrine of laches, waiver and estoppel, spoliation of evidence and unclean hands, *respectively*, are stricken.

4

[* 4]

As discussed above, this matter was revived by the legislature which permitted the late filing of the complaint. As such it would be against the spirit of the legislation that these defenses would be permitted against the plaintiff.

Lastly, Defendant STERNBERG, HELLER, MOGEN AVRAHAM THE SHMA CAMPS LLC, i/s/h/a "THE SHMA CAMPS LLC d/b/a CAMP STERNBERG" ("Defendant" or "SHMA ) moves by Notice of Motions seq. 009 pursuant to CPLR 3215(c), dismissing the complaint with prejudice based upon Plaintiff's abandonment of her claims against them; pursuant to CPLR 3211(a)(1), dismissing the complaint with prejudice based upon the documentary evidence; and/or pursuant to CPLR 3211(a)(7), dismissing the complaint with prejudice based upon the Plaintiff's failure to state any viable causes of action against them.

CPLR 3215 (a) provides that "[w]hen a Defendant has failed to appear, plead or proceed to trial ... the Plaintiff may seek a default judgment against him [or her]." However, if the Plaintiff fails to take proceedings for the entry of judgment within one year after a Defendant's default, the court shall not enter judgment but "shall dismiss the complaint as abandoned ... unless sufficient cause is shown why the complaint should not be dismissed." CPLR 3215(c) (emphasis added). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims ... for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned." *Giglio v. NTIMP, Inc.*, 86 A.D.3d 301, 926 N.Y.S.2d 546 (2nd Dept. 2011); *see also Wilmington Trust, NA v. Gawlowski*, 189 A.D.3d 1521, 134 N.Y.S.3d 730 (2nd Dept. 2020); *American Home Mortgage Acceptance, Inc. v. Lubonty*, 188 A.D.3d 767, 136 N.Y.S.3d 130 (2nd Dept. 2020).

In this matter, Plaintiff served the SHMA on August 18, 2021. SHMA had until September 18, 2021, to answer the complaint but failed to do so. Plaintiff failed to move for the entry of a

[* 5]

default judgment within a year of the default occurring. As such, the complaint as against Defendant SHMA is dismissed with prejudice. The other arguments are moot and not addressed.

ORDERED the portion of Defendant YESHIVA's motion seq. 005 to dismiss Plaintiff's fifth and seventh causes of action is GRANTED, and the complaint is dismissed as to Defendant YESHIVA; and it is further

ORDERED that Plaintiff's motion seq. 006 is GRANTED to the extent of striking GARFINKEL's first, second, third, fourth, eighth, ninth, tenth, eleventh and fourteenth affirmative defenses and is DENIED as to striking the seventh affirmative defense and the dismissal of GARFINKEL's counterclaims; and it is further

ORDERED that Defendant SHMA's motion seq. 009 to dismiss Plaintiff complaint pursuant to CPLR 3215(c) is GRANTED.

This constitutes the decision and order of the Court.

Dated: August 23, 2024
      Brooklyn, NY

_____
Hon. Joy F. Campanelli, J.S.C.

[* 6]