**Bank of Am., N.A. v Moskowitz**

2025 NY Slip Op 32380(U)

July 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 507722/2018

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

INDEX NO. 507722/2018
RECEIVED NYSCEF: 07/07/2025

At an IAS Term, Part FRP1, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 7th day of July, 2025.

P R E S E N T:

HON. CENCERIA P. EDWARDS, CPA,

Justice.

------------------------------------------------------------------------
X

BANK OF AMERICA, N.A.,

Plaintiff(s),

-against-

MOSHE MOSKOWITZ, if he be living or dead, his spouse, heirs, devisees, distributees and successors in interest, all of whom and whose names and places of residence are unknown to Plaintiff; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; CITY OF NEW YORK PARKING VIOLATIONS BUREAU; CITY OF NEW YORK TRANSIT ADJUDICATION BUREAU; STATE OF NEW YORK and

"JOHN DOE", said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises,

Defendant(s).
----------------------------------------------------------------------X

**ORDER**

Motion Calendar: 6/14/2023
Motion Cal. #(s):     4 and 5

Index #:        507722/2018
Mot. Seq. #(s):      1 and 2

The following e-filed papers read herein:                    NYSCEF Doc. Nos.:

Notice of Motion, Affidavits (Affirmations) and Exhibits _____          _____48-59_____
Notice of Cross-Motion, Affidavits (Affirmations) and Exhibits __          _____63-73_____
Reply Affidavits (Affirmations) and Exhibits _____          _____75-76_____

In this action to foreclose on a mortgage encumbering real property known as 1818 48th Street in Brooklyn, NY, Plaintiff moves, in motion sequence ("mot. seq.") #1, *inter alia*, for leave to enter a default judgment and an order of reference ("ORef") pursuant to CPLR 3215 and RPAPL

[* 1]

1321. Defendant MOSHE MOSKOWITZ ("Defendant") opposes and cross-moves, in mot. seq. #2, to dismiss this action as abandoned pursuant to CPLR 3215 (c).

### Relevant Procedural History

Plaintiff commenced this action on April 17, 2018, and filed proof of "leave and mail" service upon Defendant at the subject premises on July 13, 2018 (*see* NYSCEF Doc. #s 1-4, 30, 65, and 66). On October 24, 2018, Plaintiff filed a request for judicial intervention ("RJI") requesting a residential mortgage foreclosure settlement conference (*see* NYSCEF Doc. #s 31 and 32). Plaintiff represents, and court records confirm, that settlement conferences were completed by January 16, 2019, but there is no indication that Defendant attended (*see* NYSCEF Doc. # 34 and #35, ¶12).

On January 30, 2019, Plaintiff moved, ex parte, for an order permitting service by publication upon Defendant (*see* NYSCEF Doc. #s 33-38). In an affirmation submitted in support of the application, Plaintiff's attorney stated that "there was [*sic*] extensive efforts to locate and serve Defendant, Moshe Moskowitz. … Efforts to personally serve said defendant proved unsuccessful, thus making service by publication the only viable mean [*sic*] to obtain jurisdiction" (NYSCEF Doc. #35, ¶12). By order dated March 5, 2019 (entered March 18, 2019), the Court (Noach Dear, J.) granted Plaintiff's application for leave to serve and file a supplemental summons and amended complaint, and to serve Defendant by publication (*see* NYSCEF Doc. #39). On July 8, 2019, Plaintiff filed proof that said service upon Defendant was made in two weekly newspapers for four consecutive weeks each, with the first publication occurring on March 29, 2019, and the final one on April 26, 2019 (*see* NYSCEF Doc. #s 43-44). Contending that none of the defendants timely appeared or answered, Plaintiff made mot. seq. #1 on September 19, 2022, and filed same two days later (*see* NYSCEF Doc. #49).

### Analysis

Defendant argues for dismissal because Plaintiff did not pursue a default judgment within a year of his failure to timely answer after he was served by publication. "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" CPLR

2

[* 2]

§ 3215 [c]). "[T]he language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims [] for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (*U.S. Bank N.A. v Benitez*, 211 AD3d 765, 766 [2d Dept 2022] [internal quotation marks and citations omitted]). Dismissal is, thus, required absent a showing of "sufficient cause," *i.e.*, "the plaintiff must proffer a reasonable excuse for the delay in moving for leave to enter a default judgment and demonstrate that the cause of action is potentially meritorious" (*id.*).

In a mortgage foreclosure action, a plaintiff initiates proceedings for the entry of a default judgment by moving, *ex parte*, or on notice or by order to show cause, for an order of reference (*see Citibank, N.A. v Kerszko*, 203 AD3d 42, 50 [2d Dept 2022]; *US Bank N.A. v Dorestant*, 131 AD3d 467, 469 [2d Dept 2015]). "It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c). Rather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference within one year of the default" (*Am. Home Mtge. Acceptance, Inc. v Lubonty*, 188 AD3d 767, 768-69 [2d Dept 2020] [internal quotation marks and alterations omitted]).

Defendant has shown, prima facie, that this case is subject to mandatory dismissal under CPLR § 3215 (c). "Service by publication is complete on the twenty-eighth day after the day of first publication" (CPLR 316 [c]). The first publication was on March 29, 2019, making service complete on April 26, 2019, and Defendant's answer due within 30 days thereafter, *i.e.*, by May 26, 2019 (*see Deutsche Bank Natl. Trust Co. v Bakarey*, 198 AD3d 718, 721-722 [2d Dept 2021], citing CPLR §§ 316 [c] and 320 [a]). Since Defendant was in default as of May 27, 2019, Plaintiff normally would have had until May 27, 2020 to take proceedings for entry of a default judgment, but for the tolling of all litigation filing deadlines from March 20, 2020 through November 3, 2020 enacted in response to the COVID-19 pandemic (*see Bank of NY Mellon v DeMatteis*, 222 AD3d 1, 9-10 [2d Dept 2023]). On March 20, 2020, there were 67 days remaining in the one-year period to take default proceedings. Accordingly, when the period began to run again, Plaintiff had 67 days, or until January 11, 2021, to act.[1] Plaintiff moved for a default judgment and ORef more than 20 months later, on September 19, 2022.

---

[1] As the 67th day after the COVID-19 toll expired was Saturday, January 9, 2021, the deadline was automatically extended to the next business day, Monday, January 11, 2021 (*see* General Construction Law § 25-a).

3

[* 3]

In the summary of this case's procedural history set forth in the attorney affirmation submitted in support of mot. seq. #1, Plaintiff does not mention the "leave and mail" service purportedly completed on Defendant in July 2018, but instead explains only that it had to obtain an order for service by publication because it was "[u]nable to locate Defendant/Mortgagor, Moshe Moskowitz" (*see* NYSCEF Doc. #52, ¶9). Nor does Plaintiff, in its moving papers-in-chief on mot. seq. #1, proffer an excuse for failing to timely move for a default judgment, as it did not even acknowledge the subject. However, in opposition to Defendant's cross-motion, Plaintiff raises difficulties receiving some signed documents from the court-appointed guardian ad litem from July 2019 through mid-February 2020, after which point it "elected to abandon additional follow up efforts and proceed with Plaintiff's motion for an Order of Reference based on the few documents the guardian previously provided to our firm" (*see* NYSCEF Doc. # 75, ¶¶ 20-25). Notwithstanding that Plaintiff fails to specifically identify the purportedly missing documents or articulate exactly how their absence prevented it from moving for a default judgment and ORef, the COVID-19 toll extended Plaintiff's one-year deadline to January 11, 2021, so it had an additional 11 months after abandoning efforts with the guardian ad litem, yet still did not act until September of 2022. Plaintiff's conclusory mention of the pandemic-induced foreclosure stays and moratoria is unavailing, particularly since it has already received the benefit of the more than seven-month toll (*see DeMatteis, supra*). Plaintiff also relies on non-specific internal "holds" within its counsel's office which lasted through August 5, 2021, a hurricane-related "FEMA hold" from September 10, 2021 through December 7, 2021, and email settlement discussions with Defendant's prior attorney from December 15, 2021 to June 9, 2022. However, these are all insufficient as a matter of law because they arose after the expiration of the one-year deadline (*see US Bank N.A. v Davis*, 196 AD3d 530, 534 [2d Dept 2021]).

Conversely, Plaintiff argues that it timely took proceedings when it filed an RJI requesting a settlement conference in October 2018, which was well within a year of the "leave and mail" service purportedly completed in July 2018. Plaintiff also invokes a line of Second Department authority which holds that in residential mortgage foreclosure cases which are subject to mandatory settlement conferences under CPLR 3408, the mere filing of an RJI "for such a conference in connection with an ongoing demand for the ultimate relief sought in the complaint constitutes 'proceedings for entry of judgment' within the meaning of CPLR 3215 (c)" (*see e.g., Citimortgage, Inc. v Zaibak*, 188 AD3d 982 [2d Dept 2020]; *Aurora Loan Servs., LLC v Gross*,

4

[* 4]

139 AD3d 772, 774 [2d Dept 2016]). Defendant counters that this line of authority appears to be the minority view in the Second Department and in tension with a more prevalent line within the same Court which holds that the CPLR § 3215 (c) one-year period is simply tolled during the pendency of mandatory settlement conferences, and thus, is measured from a case's release from the settlement conference part. Under this approach, based on the January 16, 2019 release from the conference part, Plaintiff would have had until January 16, 2020 to take proceedings and, hence, the instant motion was still more than 32 months late.

This Court cannot help but notice that Plaintiff's present reliance upon the purported July 2018 "leave and mail" service made at the subject premises is expressly contradicted by its previous assertion that it was unable, with due diligence, to locate and serve Defendant in 2018, thus, precipitating its prior ex parte motion for an order of publication. After having convinced Justice Dear to grant it affirmative relief based on that factual representation, Plaintiff's abrupt reversal of position as to the validity of said service is, to say the least, concerning.

In any event, the specific facts of this case make it unnecessary for this Court to attempt to reconcile the potentially competing lines of appellate authority discussed above because neither approach applies when a foreclosure action is not subject to mandatory settlement conferences (*see US Bank N.A. v Pane*, 237 AD3d 1237, 1239 [2d Dept 2025], citing, inter alia; *HSBC Bank USA, N.A. v Seidner*, 159 AD3d 1035, 1036 [2d Dept 2018]). A prerequisite for mandatory settlement conferences is that the defendant is a resident of the property subject to foreclosure (*see Pane*, 237 AD3d at 1239, citing, inter alia, CPLR 3408 [a][1] and 22 NYCRR § 202.12-a [a]). Plaintiff admits in its moving papers-in-chief: "[a]ccording to the Affidavits of Service, copies of which are attached hereto as Exhibit "J", the defendants/mortgagors are not residents of the property subject to foreclosure" (NYSCEF Doc. #52, ¶11). Accordingly, even if this Court were inclined to allow Plaintiff to rely on the previously disavowed "leave and mail" service in July 2018, the filing of an RJI five months later would not constitute the taking of default proceedings on the facts of this case.

**Conclusion**

Since Plaintiff failed to demonstrate a reasonable excuse for its failure to take any steps toward obtaining a default judgment and ORef within one year of Defendant's default, there is no need to consider the potential merit of the underlying cause of action (*see Bank of NY Mellon Trust*

5

[* 5]

*Co. v Lee*, 202 AD3d 898, 900 [2d Dept 2022]; *CitiMortgage, Inc. v Goldstein*, 187 AD3d 841, 844 [2d Dept 2020]).  Dismissal of this case as abandoned is, thus, required (*see HSBC Mtge. Corp. v Hasan*, 186 AD3d 1495, 1497-1498 [2d Dept 2020]).

Accordingly, the above-referenced motion by Plaintiff **(mot. seq. #1) is DENIED in its entirety**, and the above-referenced cross-motion by defendant MOSHE MOSKOWITZ **(mot. seq. #2) is GRANTED to the extent** that it is hereby

**ORDERED** that the complaint is dismissed against defendant MOSHE MOSKOWITZ as abandoned, pursuant to CPLR 3215 (c).

The foregoing constitutes the Decision and Order of this Court.

**E N T E R,**

**Dated**: July 7, 2025

_____

**Hon. Cenceria P. Edwards, JSC, CPA**

6

[* 6]